RENDERED:  AUGUST 29, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1136-MR

TERRY PHILON, JR.                                                APPELLANT


APPEAL FROM FAYETTE CIRCUIT COURT
v.        HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 23-CR-00684-001


COMMONWEALTH OF KENTUCKY                                          APPELLEE



OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, EASTON, AND LAMBERT, JUDGES.

COMBS, JUDGE:  Appellant, Terry Philon was charged with assaulting a police officer, resisting arrest, and menacing.  The trial court denied his motion to suppress the testimony of police officers and the video evidence captured on their bodycams.  Therefore, Philon believed that it was in his best interest to plead guilty.  His plea was made pursuant to the holding of *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), and thus he reserved the right to

appeal his conviction. The circuit court sentenced Philon to twelve-months' incarceration, probated for two years. After having reviewed the record and the arguments of counsel, we affirm the conviction.

On May 21, 2023, officers from the Lexington Police Department responded to a call concerning a disturbance at Gatewood Court in Lexington. This was the second call to this address on this night regarding what the officer's uniform citation referred to as "subjects being involved in an active fight." Following a melee that began at the front door of the residence, Philon was arrested for: third-degree assault against a police officer; resisting arrest; and menacing. On July 24, 2023, Philon was indicted by a grand jury (along with his mother, Deltoria Kincaid) in Fayette Circuit Court.

On February 16, 2024, Philon filed a motion to suppress evidence "obtained from the warrantless entry into [his] home and subsequent unlawful seizure of his person on the 21st of May 2023."

The Commonwealth filed its response in which it observed that police officers -- in full uniform -- knocked at the door of the residence and announced their presence in response to a call to this address for a second time this evening. Officer William Gonzales reported that when the front door opened, Philon was aggressive and immediately approached the officer in a threatening manner. In order to secure the scene and to prevent escalation, Officer Gonzales reportedly

attempted to restrain Philon, who resisted. Philon's mother then intervened. Philon was eventually restrained and removed from the residence. However, he continued to resist officers. Philon kicked Officer Myles Foster in the face, and his mother jumped on Officer Foster's back and choked him until he began to lose consciousness.

Other officers responded to the scene and were able to gain control both of Philon and of his mother. The Commonwealth noted that no evidence was seized as a result of the disturbance call and that the police officers certainly did not seek to collect evidence of the assaults against them by making an unlawful entry into the residence.

Furthermore, the Commonwealth contended that the trial court was bound by our decision in *Commonwealth v. Johnson*, 245 S.W.3d 821, 825 (Ky. App. 2008). In *Johnson*, we considered whether a police officer's illegal entry into a residence could render evidence of a subsequent assault against the officer inadmissible under the exclusionary rule. In clear terms, we held that it could not.

In *Johnson*, the Appellant was indicted for assault in the third degree by causing or attempting to cause physical injury to a Kentucky State Police Trooper. Johnson argued that the officer's warrantless entry into his home and his subsequent arrest and search violated his rights under the Fourth Amendment to the United States Constitution, the Kentucky Constitution, and the provisions of

KRS[1] 431.005.  Following an evidentiary hearing, the circuit court found that the warrantless entry into the residence where Johnson was sleeping was illegal.  It reasoned that if the officers had not entered the residence illegally, the assault would not have occurred.  Upon that basis, the trial court dismissed the indictment.

On appeal, we held that it was not necessary to decide whether the warrantless entry was illegal if the exclusionary rule could not be applied.  We noted that courts around the nation had uniformly rejected motions to suppress evidence related to a defendant's violence toward police officers subsequent to an unlawful warrantless entry or an unlawful search and seizure.  We concluded that neither the United States Constitution nor the Kentucky Constitution compelled the exclusion of evidence related to independent crimes occurring as a reaction to an unlawful arrest or search and seizure.

Additionally, we observed that enactment of the provisions of KRS 508.025 (concerning assault on a peace officer) showed that the General Assembly meant specifically to protect law enforcement officers from violence while performing their public duty.  Finally, we noted that pursuant to the provisions of KRS 520.090, the unlawfulness of an arrest is not a defense to a prosecution for resisting arrest.  We also reasoned that the unlawfulness of an entry or search could

---

[1] Kentucky Revised Statutes.

not be a defense to a charge of assault on a police officer. We held that the disputed evidence was admissible at trial.

We note that we reaffirmed *Johnson* in *Pulley v. Commonwealth*, 481 S.W.3d 520 (Ky. App. 2016), wherein we held that the exclusionary rule did not extend to evidence of independent crimes committed by a defendant -- even where he may have been unlawfully detained. And, again, in *Constant v. Commonwealth*, 603 S.W.3d 654, 661 (Ky. App 2020), we held that even if the defendant's detention had been unlawful, evidence of his fleeing or evading and possession of a controlled substance would not be suppressed.

Following a hearing conducted in March 2024, the circuit court denied Philon's motion to suppress. Philon entered his guilty plea on July 1, 2024. The circuit court's final judgment of conviction was entered on August 9, 2024. Philon's sentence was suspended, and he was placed on probation for two years. This appeal followed.

On appeal, Philon acknowledges that the trial court relied on what he concedes is applicable, binding precedent to deny his motion to suppress evidence of the crimes he committed against police officers following what he perceived to be an unlawful entry into his home. However, Philon disagrees with our decision in *Johnson*, *supra*, and explains to us that the time has now come to overrule it. He

asks the panel to assemble the court *en banc* to reverse the decision of the Fayette Circuit Court.

A decision of a majority of the judges of a **panel** of this court constitutes the decision of the court. *See Davenport v. Kindred Hosps. Limited Partnership*, 709 S.W.3d 137, 144 (Ky. 2024). Rules of the Supreme Court (SCR) provide the means by which we may overrule our prior decisions. SCR 1.030(7)(d) provides that if, before a decision of a panel is announced, it appears that the proposed decision is in conflict with the decision of another panel on the same issue, the chief judge may reassign the case to the entire court. This provision defines and circumscribes our authority to revisit prior decisions. The *en banc* review that Philon seeks is not available to him upon his request.

Under the circumstances, we are required to affirm Philon's conviction. That is not to say, given our well-reasoned decision in *Johnson*, *supra*, upon which the trial court correctly relied, that we would be inclined to do otherwise. The legitimate objective of discouraging illegal searches and seizures by suppressing evidence collected by police officers is not furthered by the suppression of evidence of a defendant's intervening and voluntary criminal acts against them. Every state and federal court that has considered this issue has rejected a public policy by which evidence of a post-entry assault on a police

officer could be subject to the exclusionary rule. We concur with that sound reasoning.

The change in the law that Philon requests is unavailable here. His only recourse is to apply for discretionary review in the Supreme Court of Kentucky.

We affirm the Fayette Circuit Court's judgment of conviction.

ALL CONCUR.

BRIEF FOR APPELLANT:

Aaron Reed Baker
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky
Frankfort, Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky